## NEEL v. PRICKETT.

The general rule in executory contracts for the sale of land, is, not that the purchaser is bound to pay the purchase money and rely on the covenants in the bond for title, but that he may resist the payment of the purchase money, or have it refunded, if paid, on the ground of defect of title in the vendor. There may be circumstances which would deprive a vendee of the benefit of this rule ; such, for instance, as would show a knowledge, at the time of the contract, of the defects in the title, and that he intended to accept such title as could be made, relying, in case of failure, upon the covenants of warranty, for redress. Knowledge of an outstanding vendor's lien is not an exception to the general rule.

Error from Smith.

*Jack Davis*, for defendant in error.

HEMPHILL, CH. J.  This is a suit for the recovery of two notes, given for the purchase money of a tract of land. The defence relied on was, that, by the bond for title, the plaintiff was, on the punctual payment of the notes, to make a good

and lawful title to the land, but that this he could not per-
form, for the reason that the plaintiff himself had not paid
for the land ; that he had purchased the land from one An-
drew C. Walters, and that Walters still retained his vendor's
lien, of which the defendant had notice ; and the defendant
claims the right to retain the money in his own hands, until
the said vendor's lien was satisfied. There was judgment for
the plaintiff, with a stay of execution until the plaintiff should
deposit with the Clerk of the Court, a title deed in conform-
ity with the bond.

The only exception, taken at the trial, and the only ground
of error relied on here, is as to the exclusion of the evidence
of a witness, offered to prove the existence of an outstanding
vendor's lien on the said land of which the defendant had
notice.

It is a familiar doctrine, that a vendor has a lien on the
land, for the amount of the purchase money, not only against
the vendee himself and his heirs and other privies in estate,
but also against all subsequent purchasers having notice that
the purchase money remains unpaid. (1 Tex. R. 326 ; Story
Eq. Jur. Sec. 788, 789, 1217.) And it is a principle gen-
erally acknowledged, that in executory contracts for the sale
of land, the purchaser has a right to resist the payment of
the purchase money, or to have it refunded if paid, on the
ground of defect of title in the vendor. (4 Tex. R. 116 ; 7 Tex.
R. 244 ; 10 Id. 372.)

There may be circumstances which would deprive a vendee
of the benefit of this rule ; such, for instance, as would show
a knowledge, at the time of the contract, of the defects in the
title, and that he intended to accept such title as could be
made, relying, in case of failure, upon the covenants of war-
ranty, for redress. (7 Tex. R. 244 ; 6 Paige, 407 ; 2 Rich.
Eq. 322.)

No facts of this description are shown to have any existence
in this case. It does not even appear that he is in possession
of the land. And, although at the time of the sale, he may

have been apprised of the existence of a prior vendor's lien, yet notice of this fact does not defeat his right to set it up in defence. He might very reasonably have supposed that such lien would be discharged before the maturity of his notes; and that the land would be freed of the incumbrance, before the purchase money from him would be due.

There are no facts in the case, which would modify the operation of the general rule in favor of defendant; and we are therefore of opinion that there was error in the exclusion of the evidence offered to prove the existence of the outstanding lien, and that the judgment should be reversed and cause remanded; and it is accordingly so ordered.

Reversed and remanded.